IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PORTER D. LAND,<br><br>　　　　Petitioner,<br>vs.<br>DORA SCHRIRO, ET AL.,<br>　　　　Respondents. | No. CV 06-1695-PHX-PGR (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On July 7, 2006, Petitioner, an inmate confined by the State of Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Named as Respondent in the Petition is Dora Schriro. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on January 12, 2007, with exhibits A through R attached. (Doc No. 13.) No reply was filed.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction and Sentence

On December 13, 2002, Petitioner was convicted by jury in Maricopa County Superior Court of one count of forgery, and one count of theft of a credit card[1]. (Answer, Ex. A, at 1-2) Following the jury's conviction, the trial court found beyond a reasonable doubt that Petitioner had been convicted of two prior felony convictions committed in 1998. (Answer, Ex. B, at 13-14)

Petitioner was sentenced, under the enhancement provisions of A.R.S. § 13-604, to a mitigated term of 8 years' imprisonment on Count 1, and to a concurrent mitigated term of 4 years' imprisonment on Count 2. (Answer, Ex. C, at 2) The court further ordered Petitioner to a term of probation for Count 3, and ordered restitution in the amount of $1,000. (Answer, Ex. C, at 3)

### B. Appeal

Petitioner filed a timely appeal on September 24, 2003, raising only one issue, that the trial court abused its discretion by not crediting recovered gift cards, purchased with the stolen credit cards, against the total restitution award. (Answer, Ex. D)

In a memorandum decision dated February 26, 2004, the Arizona Court of Appeals, held that the trial court had abused its discretion by failing to determine the value of the recovered items before ordering restitution. (Answer, Ex. E at 7) The Court of Appeals vacated the matter and remanded to the trial court for an evidentiary hearing to determine the appropriate amount of restitution. (Answer, Ex. E, at 7)

---

[1] Petitioner had been previously convicted of Count 3, one count of possession or use of narcotic drugs, and found not guilty of Count 4, misconduct involving weapons, charges which had been severed from Counts 1 and 2 for trial. (Answer, Ex. A, at 2) Count 3 was consolidated with the first two counts for sentencing purposes. (Answer, Ex. C)

- 2 -

1  Following an evidentiary hearing held on July 2, 2004, the trial court vacated the
2 restitution order. (Answer, Ex. F)
3 **C.     Petition for Post-Conviction Relief**
4  Petitioner filed a notice of post-conviction relief, and was appointed counsel on
5 August 9, 2004 by the trial court. (Answer, Ex. G) The trial court ordered a filing
6 deadline for the petition sixty days later. Petitioner moved for an extension of time to
7 file a pro per petition for post-conviction relief, and was granted an extension of time
8 to, and including December 1, 2004 to file a petition. (Answer, Ex. H)
9  On December 16, 2004, the trial court noted that the deadline for filing had
10 passed and no petition had been filed, with no good cause appearing, and ordered the
11 petition dismissed. (Answer, Ex. I)
12 **D.     Second Petition for Post-Conviction Relief**
13  On April 26, 2005, Petitioner filed a second notice and a petition for post-
14 conviction relief. (Answer, Ex. K)   Petitioner argued that there had been a significant
15 change in the law that would probably overturn the conviction or sentence. Petitioner
16 raised 3 issues: 1) That the doctrine of *stare decisis* should not limit the court from
17 applying *Blakely v. Washington*, 542 U.S. 296 (2004) to Petitioner's case; 2) that A.R.S.
18 § 13-702(c) is unconstitutional on its face; and, 3) Petitioner was denied his
19 constitutional right to effective assistance of counsel at sentencing;
20  The trial court found that Petitioner was sentenced to a mitigated prison term on
21 all counts, and *Blakely* does not apply to mitigated sentences under *State v. Pena*, 209
22 Ariz. 503 (app. 2005). Therefore, the court held, Petitioner had not shown that he was
23 entitled to relief under Rule 32.1(g), and dismissed Petitioner's Notice and Petition for
24 Post-Conviction Relief. (Answer, Ex. L)
25  On May 25, 2005, Petitioner filed a petition for review to the Arizona Court of
26 Appeals, seeking relief from the trial court's denial of his petition. (Answer, Ex. M)
27 The Court of Appeals summarily denied review on March 16, 2006. (Answer, Ex. N.)
28

Petitioner did not petition the Arizona Supreme Court for review. (Petition, Doc. No. 1, at 2)

Petitioner filed the present petition for habeas corpus in the District Court on July 7, 2006. (Doc. No. 1) The Petition raises one ground for relief:

> 1. Petitioner's sentence was enhanced in violation of the United States Constitution 4th, 5th, 6th, 14th Amendments for State Court's failure to have jury find beyond a reasonable doubt his prior felony convictions.

(Petition, Doc. No. 1 at 5) )

Respondents filed an answer to the Petition on November 28, 2006. Petitioner submitted a reply on January 12, 2007.

## II.  DISCUSSION

### A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

### C. Exhaustion

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989). The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court.

- 4 -

*Id.* A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See* Id.; 28 U.S.C. § 2254(c).

A habeas petitioner may exhaust his claims in one of two ways. First, a claim is exhausted when no remedy remains available to the petitioner in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Second, a claim is exhausted if there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1)(B).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court...thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting claims under the United States Constitution." *Duncan,* 513 U.S. at 365-366. *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan,* 513 U.S. at 365-366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). In habeas petitions, other than those concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted if they have been fairly presented to the Arizona Court of Appeals either on appeal of conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2200).

1  In some instances a claim can be technically exhausted even though the state court did not address the merits. This situation is referred to as "procedural bar" or "procedural default." A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* The procedural bar provides an independent and adequate state-law ground for the conviction and sentence and, thus, prevents federal habeas corpus review unless the petitioner can demonstrate cause and prejudice for failing to raise the claim in the state proceedings. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Franklin*, 290 F.3d at 1231. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review. *Coleman v. Thompson,* 501 U.S. 722, 731-732 (1991).

 If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[2] *See Harris v. Reed,* 489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on

---

[2] Although the Ninth Circuit recently suggested that under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver *see Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005), *cert. denied,* __ U.S. __, 126 S.Ct. 1336 (2006), this Court need not address such waiver because it has not been affirmatively raised by Petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[3] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2.

In summary, failure to exhaust and procedural default are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default...the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

**D.      Cause and Prejudice**

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2)

---

[3] Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id*. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.  To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**E.     Standard of Review: Merits**

Pursuant to the provisions of the AEDPA, the Court may grant a writ of habeas corpus only if the state court proceeding:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett,* 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied* 546 U.S. 963 (2005).  Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins,* 546 U.S. 333, 342 (2006).  In conducting its review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir. 2003) *cert. denied* 541 U.S. 1037 (2004).

1       Section 2254(d)(1) consists of two alternative tests, i.e., the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca,* 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Williams v. Taylor,* 529 U.S. 362, 413-414 (2000)). Additionally, a state court's decision is "'contrary to' Supreme Court case law if the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[4] *Van Lynn,* 347 F.3d at 738 (quoting *Early v. Packer,* 537 U.S. 3, 8 (2002)). "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts." *Cordova,* 346 F.3d at 929 (emphasis in original) (distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

      Under the second test, " '[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting *Clark,* 331 F.3d at 1067). Under the "'unreasonable application clause...a federal habeas court may not issue the writ simply because that

---

[4] "[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams,* 529 U.S. at 412...While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark,* 331 F.3d at 1069 (emphasis in original).

1  court concludes in its independent judgment that the relevant state-court decision
2  applied clearly established federal law erroneously or incorrectly...[r]ather that
3  application must be objectively unreasonable.'"  *Clark,* 331 F.3d at 1068 (quoting
4  *Lockyer v. Andrade,* 538 U.S. 63 (2003)).  When evaluating whether the state decision
5  amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial
6  deference to state court interpretations of federal law...."  *Cordova,* 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court,  "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record."  *Lambert,*  393 F.3d at 978; *see also Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.), *cert. denied* 534 U.S. 1038 (2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.") Section (d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record.  Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence,...that the process employed by the state court is defective,...or that no finding was made by the state court at all." *Taylor,* 366 F.3d at 999 (citations omitted).  When examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues... [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'"  *Lambert,* 393 F.3d at 972 (*quoting Taylor,* 366 F.3d at 1000) (emphasis in original).  Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based

- 10 -

on extrinsic evidence, i.e., evidence presented for the first time in federal court."[6] *Taylor,* 366 F.2d at 1000. *See also* 28 U.S.C. section 2254(e).

Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of mixed questions of law and fact. Such questions "receive similarly mixed review; the state court's ultimate conclusion is reviewed under [section] 2254(d)(1), but its underlying factual findings supporting that conclusion are clothed with all of the deferential protection ordinarily afforded factual findings under [sections] 2254(d)(2) and (e)(1)." *Lambert,* 393 F.3d at 978.

To assess a habeas claim under § 2254(d)(1), the Court must identify the "clearly established Federal law," if any, that governs the sufficiency of the claim on habeas review. "Clearly established" federal law includes the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *See id.* at 381.

**III.  ANALYSIS**

**A.  Timeliness**

---

[6] Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error....Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state-court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." *Taylor,* 366 F.3d at 1000.

- 11 -

Respondents do not contest the timeliness of the habeas petition. A review of the petition suggests that it is timely. Accordingly, this Court finds that the Petition is timely.

**B.     Exhaustion**

Respondents argue that because Petitioner did not present the claim he raises in his habeas petition to the Arizona Supreme Court through the available procedure of a petition for review from the court of appeals memorandum decision denying the petition for review, the claim is not subject to habeas review under *Baldwin v. Reese*, 541 U.S. 27 (2004).

In *Baldwin*, which was a case appealed from the Ninth Circuit out of Oregon, the Supreme Court addressed the question of what constituted notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In laying the groundwork for its decision, the Supreme Court states that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." 541 U.S. at 29 (citations omitted). Similarly, in *Peterson*, the Ninth Circuit held that "[i]n a state like Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly." 319 F.3d at 1156, citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Respondents seize on these general statements of the law of exhaustion and assert that they support a finding that *Swoopes*, at least insofar as it addresses the need for habeas petitioners to seek review in the highest state court, is no longer valid. However, an examination of the rationale employed in the *Swoopes* decision readily distinguishes that case from the general statements of law cited by the Respondents.

*Swoopes* was decided on remand to the Ninth Circuit for consideration in light of the Supreme Court's decision in the *O'Sullivan* case. *Swoopes v. Sublett*, 196 F.3d

- 12 -

1008 (9th Cir. 1999)  In *Swoopes*, the Ninth Circuit, just like the *Baldwin* and *Peterson* courts did, began by reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196 F.3d at 1009, citing *O'Sullivan*, 526 U.S. at . The court recognized, however, that the Supreme Court in *O'Sullivan* had "acknowledged an exception to the exhaustion requirement," by making it clear the "'the creation of a discretionary review system does not, *without more*, make review' in a state supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009, quoting *O'Sullivan*, 526 U.S. at  (emphasis added in *Swoopes*).  The Ninth Circuit proceeded to review Arizona's discretionary review system and found considerations that compelled a finding that, in other than capital cases, appeal to the Arizona Supreme Court was unnecessary. Specifically, the court found that two Arizona cases, *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), made it clear that, "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 Ariz. at 1010.  Thus, the court concluded, "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of *O'Sullivan*.  There is nothing in either *Baldwin* or *Peterson* that suggests, implicitly or explicitly, that this analysis is flawed or that holding has been overruled.

Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth Circuit continues to cite the case for the very proposition Respondents suggest was overruled. In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated as a matter of fact that "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Id.* at 998 n. 3, quoting *Swoopes*, 196 Ariz. at 1010.  At least one other circuit has also cited *Swoopes* for this proposition

- 13 -

1 without questioning its continuing validity. *See Lambert v. Blackwell,* 387 F.3d 210
2 (3rd Cir. 2004). These considerations make clear that Respondents' argument that the
3 reliability of the holding in *Swoopes* is questionable is incorrect. The Magistrate Judge
4 finds that the Petitioner properly exhausted the claim.

**C.      Merits**

Petitioner argues that his sentence, enhanced after a bench trial to determine that he had two prior convictions, was imposed in violation of the federal constitution. Petitioner argues that, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court drew an exception to the *Apprendi* line of cases for judicial factfinding that concerns a defendant's prior convictions, and despite the fact that *Almendarez-Torres* has been eroded by the Supreme Court's subsequent Sixth Amendment jurisprudence, "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided." (Petition, Doc. No. 1, at 7-8)(citing *Shepard v. United States*, 125 S.Ct. 1254, 1264 (2005).

Respondents argue that Petitioner's claim does not warrant habeas relief because the state courts' findings were neither contrary to, nor an unreasonable application of, clearly established Federal law, as determined by the holdings of the United States Supreme Court.

Respondents are correct. Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres*, *see, e.g.*, *Shepard,* 125 S.Ct. at 1263-64 (Thomas, J., concurring), the lower courts are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court. *Agostini v. Felton*, 521 U.S. 203, 258 (1997) (Ginsburg, J., dissenting); *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the

- 14 -

prerogative of overruling its own decisions."); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir.2000) ("Unless and until *Almendarez-Torres* is overruled by the Supreme Court, we must follow it.").

In *Almandarez-Torres v. U.S.*, 523 U.S. 224, 226-27 (1998), the United States Supreme Court explicitly held that the fact of prior convictions may be found by a judge, even if it increases the statutory maximum sentence.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court exempted prior convictions from the requirement that any fact which increases the penalty for a crime beyond the legislatively-prescribed "statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt. *Id*. at 490.  Likewise, in *Blakely*, the *Almendarez-Torres* prior conviction exception was explicitly preserved. *See Blakely*, 542 U.S. at 301.

## IV.    RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, dismiss this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed the parties should use the following case number: **CIV 06-1695-PHX-PGR**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 23rd day of April, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 15 -